IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Philip Rucker, ) | |
| ) | Cr. No. 5:10-665 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Philip Rucker is an inmate of the Federal Bureau of Prisons who currently is housed at FCI-Edgefield in Edgefield, South Carolina. Movant, who is represented by counsel, filed a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255.

## I. FACTS

Movant was indicted on June 15, 2010 and charged, along with seven co-defendants, with conspiracy to possess with intent to distribute and distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Count 14); knowingly using and carrying a firearm during and in relation to, and in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1), 924(c)(1)(A)(I), and 2 (Count 15); and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count 16). On October 17, 2010, Respondent filed an Information pursuant to 21 U.S.C. § 851, notifying Movant that he was subject to increased penalties based upon prior felony drug convictions in South Carolina General Sessions court in 1997, 2001, and 2003.

On December 21, 2010, Movant pleaded guilty to Counts 14 and 15 of the indictment. In

his signed plea agreement, Movant agreed, among other things, to cooperate with the government and to submit to such polygraph examinations as may be requested by the government. Movant further agreed not to contest the Information filed pursuant to 21 U.S.C. § 851. Movant and the government stipulated that Movant was a career offender pursuant to U.S.S.G. § 4B1.1, and that Movant qualified for a three level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). The plea agreement contained no promise by the government to award Movant for his cooperation, either pursuant to U.S.S.G. 5K1.1 or Fed. R. Crim. P. 35(b). See ECF No. 281.

Movant was sentenced on August 1, 2011 to incarceration for a period of 262 months, consisting of 202 months as to Count 14 and 60 months as to Count 15, to be served consecutively. Judgment was entered on August 3, 2011. Movant filed a notice of appeal on August 9, 2011. His appeal was dismissed pursuant to Fed. R. App. P. 42(b) on October 25, 2011.

On July 30, 2012, Movant filed the within § 2255 motion, alleging that he received ineffective assistance of counsel in violation of his rights under the Sixth Amendment. Movant filed additional attachments to his § 2255 motion on August 1, 2012. This matter now is before the court on Respondent United States of America's motion for summary judgment, which motion was filed on September 27, 2012. Movant filed a memorandum in opposition to Respondent's motion on October 15, 2012.

## II. DISCUSSION

To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient

performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694. Strickland requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. at 694.

Movant sole ground for relief is that trial counsel's performance was deficient because she failed to negotiate a provision in his plea agreement for a § 5K1.1 reduction based on substantial assistance. Movant contends that he possessed information that would have risen to the level of substantial assistance, that he informed his trial counsel that he possessed such information, and that he wanted to cooperate with the government. However, according to Movant, trial counsel failed to arrange for Movant to be debriefed by the government.[1] Movant asserts that trial counsel's failure to arrange for a proffer session and failure to negotiate for a § 5K1.1 provision in the plea agreement resulted in an excessive, unlawful sentence.

In its motion for summary judgment, Respondent points out that trial counsel negotiated a favorable plea agreement for Movant, who otherwise faced a mandatory life sentence as to Count One, plus 60 months incarceration as to Count 15, to be served consecutively. Respondent further notes that Movant was debriefed on August 18, 2011 and that, even though not contractually

---

[1] The court notes that Movant filed a letter with the court on August 8, 2011, indicating that he had informed his trial counsel that he wished to cooperate, but that she "kept telling me to wait[.]" ECF No. 468.

obligated by the plea agreement to do so, it will move for a sentence reduction should the information provided by Movant rise to the level of substantial assistance. Respondent further asserts that, even had Movant cooperated earlier than August 18, 2011, there is no guarantee that his information would have led to a provision in his plea agreement that would have obliged Respondent to file a sentence reduction motion.

Assuming for purposes of summary judgment only that trial counsel's performance was deficient, the court discerns no prejudice. Movant was debriefed on August 18, 2011. Respondent has indicated that, should the information provided by Movant rise to the level of substantial assistance, it will move for a reduction in Movant's sentence, and the court has no reason to doubt that Respondent will act in good faith. Thus, Movant will receive the same benefit from his cooperation as he would have prior to sentencing. Movant's ground for relief is without merit.

### III.  CONCLUSION

For the reasons stated, Respondent's motion for summary judgment (ECF No. 560) is **granted**.  Movant's § 2255 motion (ECF No. 545) is **denied and dismissed**, with prejudice.

### IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Movant has not made the requisite showing. Accordingly,

the court **denies** a certificate of appealability.

    **IT IS SO ORDERED**.

/s/ Margaret B. Seymour<br>Senior United States District Judge

Columbia, South Carolina

April 15, 2014

5